UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUS MIRANDA,

                    Plaintiff,

         v.

RYAN A PFAFF,

                    Defendants.

Case No. C19-6222 BHS-TLF

REPORT AND
RECOMMENDATION

Noted for December 18, 2020

This matter is before the Court on defendants' motion to dismiss for failure to state a claim. Dkt. 27. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the complaint states an Eighth Amendment claim for unconstitutional deprivation of food. The undersigned recommends the Court DENY the motion in part, permitting plaintiff's Eighth Amendment claim to proceed, and GRANT in part the dismissal of plaintiff's remaining claims.

                    FACTUAL AND PROCEDURAL HISTORY

Plaintiff, an inmate at the Washington State Penitentiary (WSP), contests his classification at level 3 while in maximum (Max) custody. Plaintiff's Complaint, Dkt. 7. Plaintiff's complaint alleges that because he is at classification level 3 in Max custody, he is subject to a policy of half calories, by which all inmates who are kept in the

1    Intensive Management Unit (IMU) under close or Max custody receive only "around half

2    of the food/800 calorie meals [prisoners receive] in [the general] population." Complaint,

3    Dkt. 7, at 7. He alleges that from May 22, 2019, to November 26, 2019, he received only

4    1200-1500 calories per day while in Max custody. *Id.* According to plaintiff, he could

5    have satisfactorily "supplemented" his diet if he were at classification level 4, which

6    grants certain privileges, including the ability to purchase food items from the

7    commissary.  *Id.* at 7. Plaintiff alleges that facility lockdowns, holidays, and kitchen

8    mistakes result in less food and worse nutrition than provided for by DOC 240.100. *Id.*

9    at 16. Plaintiff claims that he suffered serious health consequences due to the months-

10   long food deprivation, including weight loss of 15 pounds, sleeplessness, emotional

11   distress, and loss of focus and motivation. *Id.* at 7.

12        Plaintiff alleges that after being moved to the IMU on May 22, 2019, he was

13   placed into Max custody on July 17, 2019, with the condition that he be maintained at

14   classification level 3. Dkt. 7, at 7. Based on the Max Committee's decision, plaintiff's

15   September 24th request to be promoted to level 4 was denied. Plaintiff grieved his

16   situation on October 4, 2019, complaining that the denial of promotion violated his rights

17   to adequate nutrition and medical treatment. *Id.*

18        Defendant Dennis Dahne denied plaintiff's grievance on October 8, 2019, on the

19   basis that plaintiff's classification was not able to be grieved as a disciplinary sanction.

20   Dkt. 7, at 7. On October 30th, defendant Ronald Frederick corresponded with plaintiff

21   regarding his grievance and explained that although the promotion denial was not a

22   sanction, the decision was unsuitable for grievance, because DOC 320.250 provides an

23   alternate appeal process for Max Committee decisions. *Id.* at 18.

24

25

REPORT AND RECOMMENDATION - 2

1    Plaintiff asserts that his classification at level 3 was not determined according to

2    DOC's formal policies, but instead was an "arbitrary" decision without the option of

3    appeal. Dkt. 7, at 7. Plaintiff alleges that the Max Committee's classification decisions

4    are not subject to appeals, pursuant to an alleged policy to be laid out in a "November 1,

5    2017 memorandum" by defendants Steven Sinclair, Timothy Thrasher, Robert Herzog

6    and Scott Russel. *Id.*

7    Plaintiff kited for medical assistance on November 26, 2019, complaining of

8    multiple ailments due to malnutrition and requesting that medical staff "help [him] obtain

9    [his] Level 4 so I can supplement myself." Dkt. 7, at 13. Defendant A. Johnson advised

10    plaintiff that classification levels were a non-medical question of custody and directed

11    plaintiff to kite for sick call if he desired to be seen by medical staff. *Id.* Plaintiff alleges

12    that this response constituted a denial of medical care. *Id.* at 7.

13    Plaintiff seeks both monetary damages and injunctive relief. Plaintiff requests a

14    promotion to level 4 and two changes in DOC policy: (1) that no items in the prison store

15    be restricted based on classification level and (2) that inmates in the IMU be

16    automatically promoted between classification levels after a given number of days.

17    Plaintiff brings this action against DOC officials and staff members at WSP:

18    Steven Sinclair, Timothy Thrasher, Robert Herzog, Scott Russel, Ronald Frederick,

19    Dennis Dahne, K. Bowen, C. Newton, C. Kaech, R. Pfaff, J. Smith, B. Bechler, V.

20    Geissler, J. Scott, J. McCollum, A Bates, S. Windsheimer, and A. Johnson.

21

22

23

24

25

REPORT AND RECOMMENDATION - 3

DISCUSSION

I. STANDARD OF REVIEW

The Court's review of a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court held in *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009), "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" must be contained in the complaint in order to survive a motion to dismiss under FRCP 12(b)(6). A pro se complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Id.*; *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Plaintiff must allege a plausible set of facts that would show he is entitled to any relief.

Before the Court may dismiss a *pro se* complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

II.    ANALYSIS

A.    *Personal Participation by Staff Defendants*

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how one or more individual defendants each caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Further, a § 1983 suit cannot be based on vicarious liability alone. Rather, it must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Regarding defendants K. Bowen, C. Newton, C. Kaech, R. Pfaff, J. Smith, B. Bechler, V. Geissler, J. Scott, J. McCollum, A Bates, and S. Windsheimer, plaintiff has not identified any affirmative acts or omissions to cause a violation of the civil rights that form the basis of his claims. Plaintiff's complaint includes only the positions held by these staff members at WSP, which is insufficient to state a claim against any of these defendants. Accordingly, the Court recommends that the claims against these defendants be dismissed without prejudice.

B.    *Due Process: Denial of Grievance*

Plaintiff purports to bring Fourteenth Amendment due process claims against Ronald Frederick and Dennis Dahne, based on their review and refusal of his grievance request to be promoted to level 4. There are no allegations that either official had the authority to change the Max Committee's classification decision or otherwise "directly

1    participated, encouraged, authorized or acquiesced" in the claimed harm: therefore, the

2    necessary showing of personal participation has not been made. *Hayes v. Dovey*, 2011

3    WL 1157532, at *6 (S.D. Cal. Mar. 28, 2011) (quoting *Shehee v. Luttrell*, 199 F.3d 295,

4    300 (6th Cir. 1999)). It is not unconstitutional to merely deny a grievance. *Evans v.*

5    *Skolnik*, 637 Fed.Appx. 285 (9th Cir. 2015) ("An allegation that a prison official

6    inappropriately denied or failed to adequately respond to a grievance, without more,

7    does not state a claim under § 1983"); *see, e.g., Stewart v. Warner*, No. C15-5243 RBL-

8    KLS, 2016 WL 1104893, at *5 (W.D. Wash. Feb. 29, 2016), *report and recommendation*

9    *adopted*, No. C15-5243 RBL-KLS, 2016 WL 1089974 (W.D. Wash. Mar. 21, 2016)

10    (holding that nurses who had reviewed and denied the plaintiff's grievances did not

11    personally participate in alleged violations because they did not have decision-making

12    authority over the plaintiff's care).

13        C.    *Deliberate Indifference to Medical Needs*

14        Plaintiff brings similar claims against A. Johnson for an inferred denial of

15    plaintiff's medical kite, in which plaintiff complained of hunger and stress. Yet plaintiff's

16    allegations indicate his kite did not ask for medical care, but only assistance with a

17    change of custody level so plaintiff could "supplement [himself]." Defendant Johnson

18    declined, and instead recommended plaintiff to kite again for sick call to be seen for

19    plaintiff's complained-of symptoms.

20        To state a constitutional claim for lack of medical care in prison, a plaintiff must

21    include factual allegations that a state actor acted with deliberate indifference to his

22    serious medical needs. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

23    Defendant Johnson's recommendation that plaintiff kite again for medical assistance if

24

25

he desired care cannot reasonably be construed as indifference to plaintiff's medical

needs. Accordingly, plaintiff has failed to allege personal participation in any

constitutional violations by defendants Frederick, Dahne, and Johnson, and these

claims should be dismissed without prejudice.

D.    *Appeal of Inmate Classification Status*

As for defendants Steven Sinclair, Timothy Thrasher, Robert Herzog and Scott

Russell, plaintiff's complaint alleges that these supervisory officials issued a policy

removing classification decisions from the official appeal process laid out in DOC

320.250. Dkt. 7, at 7. Plaintiff asserts that due to this policy, the grievance process was

his only means of objecting to his classification status, and the lack of an actual appeal

process violates his right to due process. *Id.*

Vicarious liability of supervisory officials for the actions of subordinates is not

available under Section 1983. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012)

(quoting *Hansen v. Black,* 885 F.2d 642, 645–46 (9th Cir.1989)). "A supervisor may be

liable only if (1) he or she is personally involved in the constitutional deprivation, or (2)

there is 'a sufficient causal connection between the supervisor's wrongful conduct and

the constitutional violation.'" *Id.* (quoting *Hansen,* 885 F.2d at 646). Under the latter

theory, "[s]upervisory liability exists even without overt personal participation in the

offensive act if supervisory officials implement a policy so deficient that the policy 'itself

is a repudiation of constitutional rights' and is 'the moving force of a constitutional

violation.'" *Hansen*, 885 F.2d at 646 (quoting *Thompkins v. Belt,* 828 F.2d 298, 304 (5th

Cir.1987)); *see OSU Student Alliance v. Ray,* 699 F.3d 1053, 1076 (9th Cir. 2012)

("Advancing a policy that requires subordinates to commit constitutional violations is

1    always enough for § 1983 liability ... so long as the policy proximately causes the

2    harm—that is, so long as the plaintiff's constitutional injury in fact occurs pursuant to the

3    policy."), *cert. denied,* 571 U.S. 819 (2013).

4         Yet classification and custody decisions are subject to the discretion of the

5    Department of Corrections; neither the Constitution nor Washington state law

6    guarantees a liberty interest protected by due process in an inmate's classification

7    status. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Hernandez v. Johnston*, 833

8    F.2d 1316, 1318 (9th Cir. 1987); *In re Dowell*, 100 Wn.2d 770, 774 (1984). Plaintiff's

9    allegation that these four defendants advanced a policy contradictory to DOC

10   regulations therefore does not implicate a due process right underlying a § 1983 claim.

11        *E.    Deliberate Indifference: Deprivation of Food*

12        Plaintiff additionally seeks to hold these four supervisory defendants responsible

13   for the alleged months-long deprivation of sufficiently nutritious food.

14        Plaintiff alleges that "facility lockdowns, holidays, and kitchen mistakes" cause

15   less food to be supplied, but these allegations fail to provide any causal connection

16   between defendants' conduct and the alleged deprivation of food. Absent this link, the

17   defendants cannot be held liable for the performance of WSP kitchen staff in their

18   duties. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989*).*

19        Plaintiff further alleges that these defendants are responsible for a WSP policy to

20   limit the caloric intake of inmates in Max custody by half, creating unconstitutional

21   conditions of confinement.

22        The Eighth Amendment requires that prison officials "provide humane conditions

23   of confinement." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer*

24

25

1    *v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). A conditions

2    of confinement claim requires (1) an objective showing that the plaintiff was deprived of

3    "the minimal civilized measure of life's necessities," and (2) a subjective showing that

4    this "deprivation occurred with deliberate indifference to the inmate's health or safety."

5    *Id.* This includes a prisoner's right to receive food "adequate to maintain health."

6    *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *Mendiola-Martinez v. Arpaio*,

7    836 F.3d 1239, 1259 (9th Cir. 2016) (quoting *Foster*, 554 F.3d at 814) (holding the

8    "repeated and unjustified failure [to provide] adequate sustenance" is a sufficiently

9    serious deprivation of the minimal civilized measure of life's necessities).

10         Defendants would have the Court reject plaintiff's allegations out of hand as

11    "completely implausible" conclusions. Dkt. 27 at 5. Yet on a motion to dismiss for failure

12    to state a claim, a plaintiff's complaint must be liberally construed with all reasonable

13    inferences made in his favor. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d

14    658, 661 (9th Cir. 1998). Construing plaintiff's allegations as fact (over the course of

15    months spent in close custody, plaintiff received half the typical amount of food pursuant

16    to a correctional policy; plaintiff lost weight and experienced insomnia and other mental

17    health symptoms), plaintiff has provided sufficient plausible allegations to raise a

18    possible claim under the Eighth Amendment. *Compare Foster*, 554 F.3d at 813 and n.2

19    (a denial of 16 meals over 23 days, combined with the inmate's allegations of dizziness,

20    weight loss, and headaches, supported the inference that the inmate's nutrition was

21    inadequate to support his health). Accordingly, the Court should not dismiss plaintiff's

22    claim for inhumane conditions of confinement on this motion.

23

24

25

1    To the extent that plaintiff brings claims against the other defendants for

2    deprivation of food through denial of his grievance or medical kite, those claims should

3    be dismissed for lack of personal participation. Whether a defendant's involvement in

4    the prison grievance process amounts to personal involvement sufficient to state a claim

5    of constitutional deprivation depends on several factors, including "whether, at the time

6    of the grievance response, the violation is ongoing" or instead is continuing, and

7    "whether the defendant responding to the grievance has authority to take action to

8    remedy the alleged violation." *Shaka v. Ryan*, 2015 WL 926192, at *8 (D. Ariz. Mar. 4,

9    2015) (citing *Flanory v. Bonn*, 604 F.3d 249, 256 (6th Cir. 2010); *Bonner v. Outlaw*, 552

10   F.3d 673, 679 (8th Cir. 2009); *Shehee*, 199 F.3d at 300).

11       As discussed above, plaintiff does not allege that any of the staff who were

12   responsible for handling grievances, and with whom he interacted concerning his

13   grievances, had the authority to change any written policies, order any changes in

14   practices, or make decisions that would alter patterns of behavior that would amount to

15   an informal or unwritten policy, to remedy the alleged deprivation of food. *See Pouncil v.*

16   *Tilton*, 704 F.3d 568, 576 (9th Cir. 2012); *Denegal v. Brazelton*, 2015 WL 5601278 (E.D.

17   Cal. 2015) (individual defendants, who were prison employees that denied plaintiff's

18   administrative grievances regarding denial of plaintiff's request for a religious name

19   change, were not proper defendants, because there was not a sufficient causal

20   connection between their acts or omissions and the constitutional deprivation alleged by

21   the plaintiff).

22

23

24

25

1    *F.    Qualified Immunity*

2        Defendants argue that, alternatively, they are entitled to dismissal of Plaintiff's

3    claims based on qualified immunity. Unless a plaintiff makes a two-part showing,

4    qualified immunity shields government officials from liability. The plaintiff must show

5    both: (1) the official(s) violated a federal statutory or constitutional right, and (2) at the

6    time of the alleged act or failure to act there was clearly established law that defined the

7    contours of the federal right objectively putting the official(s) on notice – i.e., any

8    reasonable official would understand that what they are doing is unlawful. *Escondido v.*

9    *Emmons,* 139 S.Ct. 500, 503 (2019); *District of Columbia v. Wesby,* 138 S.Ct. 577, 589

10   (2018).

11       Under FRCP 12(b)(6), the Court must review the complaint and take all well-

12   pleaded factual allegations as true; the Court must construe such allegations in the light

13   that is most favorable to the non-movant; and the Court must evaluate whether those

14   facts plausibly state a claim that the plaintiff is entitled to relief under applicable law.

15   *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). On a motion to dismiss, the District Court

16   reviews "whether the complaint alleges sufficient facts, taken as true, to support the

17   claim that the officials' conduct violated clearly established constitutional rights of which

18   a reasonable officer would be aware 'in light of the specific context of the case.'" *Keates*

19   *v. Koile,* 883 F.3d 1228, 1235 (9th Cir. 2018), *quoting, Mullenix v. Luna,* 136 S.Ct. 305,

20   308 (2015) (per curiam). Determining whether qualified immunity applies to a defendant

21   in the pre-trial motion stage under FRCP 12(b)(6) can be problematic. *Keates v. Koile,*

22   at 1234. "If the operative complaint 'contains even one allegation of a harmful act that

23   would constitute a violation of a clearly established constitutional right,' then plaintiffs

24

25

1    are 'entitled to go forward' with their claims. *Id., quoting, Pelletier v. Fed. Home Loan*

2    *Bank of San Francisco,* 968 F.2d 865, 872 (9th Cir. 1992).

3        Here, the undersigned has recommended all claims for dismissal for failure to

4    state a claim, except plaintiff's claim regarding food deprivation. Because the claims

5    recommended for dismissal were devoid of specific factual allegations, determining

6    whether qualified immunity applies would not be possible – factual review is required, in

7    order to evaluate either prong of the qualified immunity standard. As for the remaining

8    claim, the law was clearly established at the time that it is unconstitutional to deprive

9    inmates of a sufficient quantity of food to maintain health. *LeMaire v. Maass*, 12 F.3d

10   1444, 1456 (9th Cir. 1993); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1259 (9th Cir.

11   2016). Accordingly, plaintiff should be permitted to go forward with his claim for

12   damages against the remaining defendants at this time. This does not preclude qualified

13   immunity from potentially protecting defendants following the factual development of

14   plaintiff's claims.

15   III.   <u>AMENDMENT</u>

16       Because the Court has not previously advised plaintiff of the deficiencies in his

17   complaint, the undersigned recommends that plaintiff be permitted to amend his

18   complaint to address the deficiencies regarding plaintiff's claims against WSP staff

19   members.

20       If an amended complaint is filed, it must be legibly rewritten or retyped in its

21   entirety and contain the same case number.  Any cause of action alleged in the original

22   complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana,*

23   *Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v.*

24   *Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

25

If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court find that plaintiff has stated an Eighth Amendment claim for deprivation of food and therefore that it DENY in part defendants' motion to dismiss. The Court should GRANT defendants' motion to dismiss plaintiff's other claims without prejudice and thereby dismiss defendants Ronald Frederick, Dennis Dahne, K. Bowen, C. Newton, C. Kaech, R. Pfaff, J. Smith, B. Bechler, V. Geissler, J. Scott, J. McCollum, A Bates, S. Windsheimer, and A. Johnson from this action.

1    The parties have **fourteen (14) days** from service of this Report and

2    Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b);

3    *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for

4    purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above

5    time limit, the Clerk shall set this matter for consideration on **December 18, 2020**, as

6    noted in the caption.

7    Dated this 1st day of December, 2020.

8

9

10

11   Theresa L. Fricke
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25