UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESUS MIRANDA,<br><br>                Plaintiff,<br><br>   v.<br><br>RYAN A. PFAFF, et al.,<br><br>                Defendants. | CASE NO. C19-6222 BHS-TLF<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 31, and Defendants' objections to the R&R, Dkt. 32.

On December 18, 2019, Plaintiff Jesus Miranda filed a proposed prisoner civil rights complaint under 42 U.S.C. § 1983 stating an Eight Amendment claim for unconstitutional deprivation of food against Department of Corrections officials and staff members at the Washington State Penitentiary ("WSP"). Dkt. 1. Miranda is an inmate at the WSP in maximum ("Max") custody. Dkt. 7. As set forth in the R&R, Miranda alleges that while in Max custody, he was subject to a policy by which he received only "'around half of the food/800 calorie meals [prisoners receive] in [the general] population'" and

ORDER - 1

alleges that between May 22, 2019 and November 26, 2019, he received between 1200-1500 calories per day. Dkt. 31 at 2 (quoting Dkt. 7 at 7). He alleges that due to the lack of adequate nutrition, he lost fifteen pounds and suffered lack of sleep, emotional distress, and lack of focus and motivation. *Id.* (citing Dkt. 7 at 8).

On May 26, 2020, Judge Fricke ordered service of the complaint. Dkt. 8. On July 27, 2020, Defendants moved to dismiss. Dkt. 27. On December 1, 2020, Judge Fricke issued the R&R recommending that the Court grant the motion to dismiss in part and deny it in part. Dkt. 31. Judge Fricke recommended that Miranda's Eight Amendment claim for unconstitutional deprivation of food be allowed to proceed against four Supervisory Defendants—Steven Sinclair, Timothy Thrasher, Robert Herzog, and Scott Russell—and that his remaining claims be dismissed without prejudice and with leave to amend.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The Supervisory Defendants object to Judge Fricke's conclusion that Miranda sufficiently alleged personal involvement or causal connection between their actions and the deprivation of food he experienced and object to the conclusion that Miranda's allegations are plausible.

Judge Fricke explained that Miranda sought to hold the Supervisory Defendants liable for the alleged months-long deprivation of sufficiently nutritious food he

experienced under two theories: (1) that they are responsible for the impact of facility lockdowns, holidays, and kitchen mistakes on the provision of sufficient food and (2) that they are responsible for a WSP policy to limit the caloric intake of inmates in Max custody by half. Dkt. 31 at 8. Miranda alleges that the Supervisory Defendants "control all the prison and IMU procedures state wide and refuse to correct their violations." Dkt. 7 at 12. Judge Fricke concluded that Miranda had insufficiently alleged personal participation as to the first theory but concluded his allegations stated a plausible claim as to the second theory. Dkt. 31 at 9.

First, the Supervisory Defendants argue that alleging that they control the relevant policies insufficiently alleges that they committed affirmative acts or omitted legally required actions that caused the deprivation. Dkt. 32 at 3 (citing *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). Second, the Supervisory Defendants reiterate their argument that under *Ashcroft v. Iqbal*, 680 U.S. 662, 663–64 (2009), "[a]n allegation that DOC systematically state-wide is starving all inmates in [close confinement] is simply implausible." Dkt. 32 at 4. They argue that though Miranda referenced the DOC policy regarding inmate diets, he omitted the relevant portion providing that inmates in close custody should receive "[m]eals of similar quality and quantity as provided to the general population," though "[m]ethods of preparation and/or delivery may be modified for security reasons." *Id.* at 5. Defendants argue the Court should consider this policy under the incorporation by reference doctrine. *Id.* at 4 (citing, among others, *Dunn v. Castro*, 621 F.3d 1196, 1205 (9th Cir. 2010)).

Even considering the existence of this policy, which would be more appropriate on a motion for summary judgment than a motion to dismiss, the Court agrees with Judge Fricke that, considering Miranda's specific factual allegations about his experience of food deprivation and liberally construing his complaint, his allegations are plausible as to the existence of this policy. *See* Dkt. 31 at 9.[1] However, the Court agrees with the Supervisory Defendants that Miranda's allegations are conclusory as to the causal connection between their actions and the harm suffered. To state a claim for deprivation of food against the Supervisory Defendants, Miranda must allege facts showing they participated in or directed a policy specific to the alleged deprivation of food or knew of the deprivation of food and failed to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

The Court having considered the R&R, Defendants' objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part** and **MODIFIED in part**;

(2) Defendants' motion to dismiss, Dkt. 27, is **GRANTED**;

(3) All of Miranda's claims are **DISMISSED without prejudice** and with leave to amend;

(4) Miranda may file an amended complaint on or before February 26, 2020; and

---

[1] Plausibility of this allegation is a close question, suggesting this claim may be susceptible to an early motion for summary judgment.

1      (5)    The matter is rereferred for further consideration.

2      Dated this 28th day of January, 2021.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge